FILED IN OPEN COURT
U.S.D.C. Atlanta

SEP 27 2017

James N. Hatten, Clerk
By: Deputy Clerk *CeyM*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

    *v.*

JARED S. BLACKMON

Criminal Indictment

No. **1:17 C R 3 4 0**

THE GRAND JURY CHARGES THAT:

<u>COUNTS ONE THROUGH TWELVE</u>
Wire Fraud
(18 U.S.C. § 1343)

1.  From in or about 2012, and continuing thereafter through in or about 2016, in the Northern District of Georgia and elsewhere, Defendant, JARED S. BLACKMON, did knowingly devise and execute and attempt to execute a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and by material omissions, and for the purpose of executing and attempting to execute such scheme and artifice to defraud, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

2.  Defendant was employed by the Federal Deposit Insurance Corporation ("FDIC"), as an Information Technology, or "IT", Examiner. Defendant was based in the FDIC's Atlanta, Georgia, office.

3.   As an IT Examiner, Defendant participated in FDIC examinations of financial institutions that were located throughout Georgia and in other states. For many examinations which spanned multiple days, the FDIC authorized Defendant to travel to the financial institution, stay overnight in a nearby hotel, and incur other expenses, such as for car rental, for which the FDIC would reimburse Defendant.

4.   The FDIC also offered Defendant the opportunity to attend, and paid for the costs of Defendant's attendance at, training or industry conferences located in other states.  The FDIC authorized Defendant to incur travel expenses for which it would reimburse Defendant.

## SCHEME AND ARTIFICE TO DEFRAUD

5.   The object of the scheme to defraud was for Defendant to enrich himself by causing the FDIC to pay him for travel expenses that he did not incur and was not otherwise due.

6.   It was part of Defendant's scheme and artifice to defraud that:

(a) Defendant sought and obtained reimbursement from the FDIC for travel expenses, including multi-day hotel stays and multi-day car rentals, that he did not pay for and did not incur, and was not otherwise due.

(b) Defendant submitted false and fraudulent claims for reimbursement, referred to as Expense Reports, to the FDIC to obtain payment for travel expenses that he did not pay for and did not incur, and was not otherwise due.  Defendant submitted false and fraudulent Expense Reports through the FDIC's electronic travel & expense system, which used servers located in

2

Virginia.  The FDIC's electronic travel & expense system required Defendant's supervisors, who were based in the FDIC's Atlanta office, to review and approve Defendant's claims for reimbursement. The system also allowed Defendant's supervisors to request an audit of Defendant's reimbursement claims.

(c) When the FDIC audited Defendant's false and fraudulent Expense Reports, Defendant provided fake receipts and fake documents to the FDIC auditors to support his false and fraudulent Expense Reports.

(d)  Defendant used the FDIC email system, which used servers located in Virginia, to provide his supervisors and FDIC auditors with false and fraudulent information and to conceal the truth about his false and fraudulent Expense Reports, and fake receipts and fake documents.

## EXECUTION OF THE SCHEME

7.      On or about the dates identified below in Column B, each date or dates constituting a separate Count as set forth in Column A, in the Northern District of Georgia and elsewhere, the Defendant JARED S. BLACKMON, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, as well as by omissions of material facts, well knowing and having reason to know that said pretenses, representations, and promises, were and would be false, did with intent to defraud, transmit and cause to be transmitted in interstate and foreign

3

commerce, by means of a wire communication, certain writings, signs, signals, pictures, and sounds, as more fully described below:

| Column A Count | Column B Date | Column C Description |
|---|---|---|
| 1 | 12/10/2012 | Approval of Defendant's Expense Report No. 17488 in the amount of $2,976.56 by E.M. |
| 2 | 10/29/2013 | Approval of Defendant's  Expense Report No. 98732 in the amount $3,230.27 by B.S. |
| 3 | 12/24/2013 | Approval of Defendant's  Expense Report No. 113194 in the amount $1,831.07 by B.S. |
| 4 | 5/21/2014 | Approval of Defendant's Expense Report No. 134064 in the amount $3,905.28 by B.S. |
| 5 | 10/14/2014 | Email from Defendant to L.B. and others regarding travel to and from New York, New York, claimed on Defendant's travel voucher 177188 in the amount of $2,759.42 |
| 6 | 10/21/2014 | Approval of Defendant's Expense Report No. 170467 in the amount $5,019.65 by L.B. |
| 7 | 3/11/2015 | Approval of Defendant's Expense Report No. 200508 in the amount $5,162.10 by L.B. |

4

| 8 | 4/28/2015 | Defendant's submission of Expense Report No. 215969 in the amount of $3,209.38 |
| 9 | 10/13/2015 | Approval of Defendant's Expense Report No. 243370 in the amount $7,258.38 by B.S. |
| 10 | 1/19/2016 | Approval of Defendant's Expense Report No. 265943 in the amount of $3,762.25 by B.S. |
| 11 | 1/29/2016 | Defendant's submission of Expense Report No. 273885 in the amount of $3,705.62 |
| 12 | 2/16/2016 | Defendant's submission of Expense Report No. 275956 in the amount of $1,516.86 |

All in violation of Title 18, United States Code Section 1343.

FORFEITURE PROVISON

8.   Upon conviction of offenses charged in Counts One through Twelve of this Indictment, the defendant, JARED S. BLACKMON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense or any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of said offense.

9.   If any of the proceeds described above, as a result of any act or omission of the defendant:

5

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

The United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A _____ True _____ BILL

_____
FOREPERSON

JOHN A. HORN
*United States Attorney*

DOUGLAS W. GILFILLAN
*Assistant United States Attorney*
Georgia Bar No. 294713
600 U.S. Courthouse
75 Ted Turner Dr., SW
Atlanta, Georgia 30303
404-581-6000; Fax 404-581-6181

6